UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LILYAN ELLIS,<br>    Plaintiff, | CIVIL ACTION NO.: |
| v. | JUDGE: |
| JEREMIAH THOMAS,<br>DESPERADO TRANSPORT, L.L.C., and<br>HUDSON INSURANCE COMPANY,<br>    Defendants. | MAGISTRATE: |

## NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Hudson Insurance Company ("Hudson"), with full reservation of any and all rights, defenses, and objections, hereby submits this Notice of Removal, and states as follows:

### BACKGROUND

1. Hudson, along with Jeremiah Thomas and Desperado Transport, L.L.C., were named as defendants in a civil action commenced on August 24, 2021, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Lilyan Ellis v. Hudson Insurance Company, et al.*, as Civil Action No. C-710958.[1]

2. Plaintiff's Petition for Damages does not specify the amount of damages sought, and merely alleges that "damages are not in excess of $50,000, exclusive of interests and costs."[2]

3. On September 10, 2021, Plaintiff filed an Amending Petition for damages, which amended the original petition to state that "damages are in excess of $50,000."[3]

4. However, Plaintiff's Petition for Damages also alleged that Plaintiff "sustained multiple

---

[1] *See* Pet. for Damages (Exhibit 1) (hereinafter, "Pet.").
[2] *Id.* at ¶ 14.
[3] Am. Pet. for Damages ¶ iii (Exhibit 2) (hereinafter, "Am. Pet.").

herniated disks,"[4] and on August 31, 2021, Plaintiff made a settlement demand of $1,000,000.[5]

5. Based upon Plaintiff's settlement demand and allegation that she "sustained multiple herniated disks," Hudson is removing this action to federal court pursuant to 28 U.S.C. § 1441, *et seq*.

6. Defendants Desperado Transport, L.L.C. and Jeremiah Thomas consent to Hudson's removal of this action.

7. Hudson is filing herewith copies of all process, pleadings, notices, and orders served upon Hudson in the state court proceedings.[6]

## DIVERSITY OF CITIZENSHIP

8. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over this matter based upon diversity of citizenship.

9. Upon information and belief, Plaintiff is a citizen of the State of Louisiana.[7]

10. Hudson Insurance Company is a foreign insurance company incorporated in the State of Delaware, with its principal place of business in New York.

11. Desperado, Transport, L.L.C. is a Texas limited liability company, whose members are Steven Duhon, Kristie Duhon, and Gregg Wilkinson. Steven Duhon and Kristie Duhon are citizens of Texas, and Gregg Wilkinson is a citizen of Georgia.

12. Jeremiah Thomas is a citizen of Texas.

## AMOUNT IN CONTROVERSY

13. The amount in controversy, exclusive of costs and interest, exceeds $75,000.

14. If removal of a civil action is sought on the basis of the jurisdiction conferred by 28 U.S.C.

---

[4] Pet. at ¶ 7.
[5] *See* E-Mail from C. Vidrine to S. Yount (Aug. 31, 2021) (Exhibit 3).
[6] *See* Pet.; Am. Pet.
[7] *See* Pet. at ¶ 1.

§ 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that the notice of removal may assert the amount in controversy if the initial pleading seeks a money judgment, but the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded.[8]

15.    Plaintiffs in Louisiana state courts, by law, may not specify the numerical value of the damage claim.[9]

16.    In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, either by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or by setting forth facts in controversy, preferably in the removal petition, that support a finding of the requisite amount.[10]

17.    First, on their face, neither the Petition for Damages nor the Amending Petition for Damages state that there is a lack of jurisdiction in the United States District Court, as required under the Louisiana Code of Civil Procedure if federal court jurisdiction is lacking.[11] The absence of such a statement, although not alone determinative, "may be considered in determining whether the amount in controversy is satisfied."[12]

18.    In addition, Plaintiff alleged that she "sustained multiple herniated disks . . . ."[13]

19.    A survey of general damage awards in Louisiana shows amounts of $225,000,[14]

---

[8] 28 U.S.C. § 1446(c)(2).
[9] La. C.C.P. art. 893.
[10] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).
[11] *See* La. C.C.P. art. 893(A)(1).
[12] *Grimes v. Haar*, No. 13-617-SDD, 2015 WL 2239766, at *2 (M.D. La. May 12, 2015).
[13] Pet. at ¶ 7.
[14] *Assoc. Terminals of St. Bernard, L.L.C. v. Potential Shipping HK Co.*, 324 F.Supp.3d 808, 836 (E.D. La. 2018) ($225,000 in general damages awarded for herniated disc at C5-6 level).

$120,000,[15] $200,000,[16] and $75,000 [17] awarded for herniated disks, thus Plaintiff's claim reasonably exceeds $75,000.

20.     Further, Plaintiff has made a settlement demand for $1,000,000.[18] This Court has held that the amount sought in a pre-removal settlement demand letter "is valuable evidence to indicate the amount in controversy at the time of removal."[19]

21.     Based on Plaintiff's failure to plead the lack of federal jurisdiction, Plaintiff's allegations and typical general damage awards for similar injuries, and Plaintiff's settlement demand, Hudson has shown that the amount in controversy meets the jurisdictional requirement, even though no amount of damages was plead, and Plaintiff cannot show that she is legally certain not to be able to recover this amount.

## REMOVAL IS TIMELY AND OTHERWISE PROPER

22.     Plaintiff served the Louisiana Secretary of State, as Hudson's statutory agent for service of process, on September 9, 2021.[20]

23.     Accordingly, Hudson timely removed this action within thirty days after the service of process.[21]

24.     The United States District Court for the Middle District of Louisiana is the federal judicial district embracing Louisiana's Nineteenth Judicial District Court for the Parish of East Baton Rouge, where the underlying state court action was originally filed. Venue is therefore proper in

---

[15] *Ridgel v. Chevalier*, 2019-0250 (La.App. 4 Cir. 1/8/19), 288 So.3d 192, 208 (award of $120,000 in general damages for cervical and lumbar disc herniations affirmed).
[16] *Latulippe v. Braun*, 18-83 (La.App. 5 Cir. 2018), 253 So.3d 820, 834 (award of $200,000 in general damages for multiple disc herniations affirmed).
[17] *Hebert v. Boesch*, 2015-1791 (La.App. 1 Cir. 6/3/16) 194 So.3d 798, 806 (award of $75,000 in general damages for three bulging discs affirmed); *Burmaster v. Stafford*, No. 2017-06965, 2019 WL 5535607 (Civ. D. Ct. Mar. 13, 2019) ($75,000 in general damages ($90,347 total) awarded for cervical disc herniation).
[18] *See* E-Mail from C. Vidrine to S. Yount.
[19] *Fairchild v. State Farm Mut. Auto. Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995).
[20] *See* Citation (Sep. 9, 2021) (Exhibit 4).
[21] 28 U.S.C. § 1446(b)(3).

4

this district.[22]

25.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) in that this is a civil action wherein the amount in controversy exceeds $75,000, exclusive of interest and costs, which is derived from Plaintiff's characterization of damages, as well as Plaintiff's demand, and the suit is between citizens of different states; thus, this suit is removable pursuant to 28 U.S.C. § 1441, *et seq*.

26.     Promptly after this Notice of Removal was filed with the United States District Court for the Middle District of Louisiana, a copy of the notice was filed with the Clerk of Court for the Parish of East Baton Rouge to effect the removal of this civil action to the United States District Court for the Middle District of Louisiana, as provided by law.[23]

**WHEREFORE**, Defendant Hudson Insurance Company prays that this Notice of Removal be deemed to sufficiently plead the requirements for removal and that this Court grant Hudson Insurance Company such further relief as the law will allow and the nature of the case may permit.

Respectfully submitted,

*/s/ Robert T. Vorhoff*
RANDALL C. MULCAHY, Bar No. 26436 (T.A.)
rmulchay@garrisonyount.com
LYON H. GARRISON, Bar No. 19591
lgarrison@garrisonyount.com
ROBERT T. VORHOFF, Bar No. 32747
rvorhoff@garrisonyount.com
Garrison, Yount, Forte & Mulcahy, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: (504) 527-0680
Facsimile: (504) 527-0686
*Counsel for Defendants Hudson Insurance*

---

[22] 28 U.S.C. § 1441(a).
[23] *See* Certificate of Serv. (Exhibit 5).

*Company, Desperado Transport, L.L.C., and Jeremiah Thomas*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October, 2021, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic system and by depositing same in the United States Mail, postage prepaid, and/or facsimile and/or e-mail transmission of this date.

/s/ *Robert T. Vorhoff*
ROBERT T. VORHOFF, Bar No. 32747